*Holdings Ltd. v. Lucent Techs., Inc.,* we found no abuse of discretion in the district court's reasoning that "although plaintiffs should ordinarily be offered an opportunity to amend if it appears that a more carefully drafted complaint might state claims upon which relief could be granted, that course need not be followed here since plaintiffs have already twice amended their complaint." 302 F.3d 552, 566 (5th Cir. 2002) (citing *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir.1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.")). Because the plaintiffs had "already filed an original complaint and two amended complaints, each alleging [the same types of claims]," they had been "given ample opportunity to plead their statutory claims." *Herrmann,* 302 F.3d at 567. In this case, all of Relators' complaints involved FCA claims, and although Relators argue that their previous amendments, which were not intended to cure deficiencies, should not be grounds for denial of leave to amend, there is no indication that the amendments at issue in *Herrmann* were so intended.

■ Further, as was the case in *Rosenzweig,* Relators here failed to seek leave to amend prior to dismissal[3] and do not argue that their proposed amendment "raised any facts which were not available previous to the district court's opinion."

332 F.3d at 865. "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case," *Shivangi v. Dean Witter Reynolds, Inc.,* 825 F.2d 885, 891 (5th Cir.1987), and "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," *Rosenzweig,* 332 F.3d at 865 (quoting *Freeman v. Cont'l Gin Co.,* 381 F.2d 459, 469 (5th Cir.1967)). Under these circumstances, we cannot say that the district court abused its discretion in denying leave to amend.[4]

## IV.

For the reasons above, we AFFIRM.

**Robert ALPERT, Plaintiff—Appellee**

v.

**The BENNET LAW FIRM, PC, Defendant—Appellant.**

**No. 07–20723.**

United States Court of Appeals, Fifth Circuit.

Oct. 10, 2008.

Bobbie G. Bayless, Bayless & Stokes, Houston, TX, for Plaintiff–Appellee.

---

3. Relators briefly argue that they moved for leave to amend in their memorandum and sur-reply memorandum to the district court in opposition to the motion to dismiss. However, the sum total of their request consisted of the following: "If this Court finds these allegations insufficient, relators request leave to amend their complaint" and "Nonetheless, if this Court finds the allegations insufficient, plaintiff requests leave to amend." These bare statements, however, unaccompanied by a proposed amendment, do not constitute a motion. *Willard,* 336 F.3d at 387 ("[A] bare

request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed.R.Civ.P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a).") (citations and quotations omitted).

4. The district court also concluded that allowing the proposed amendment would be futile. Because we affirm the denial of leave to amend on other grounds, we do not reach this issue.

Robert S. Bennett, Robert M. Hardy, The Bennett Law Firm, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5th Cir. R. 47.6.

**Carl J. SERVAT, Jr., Plaintiff–Appellee**

v.

**AMERICAN HERITAGE LIFE INSURANCE COMPANY, Defendant–Appellant.**

No. 07–30992.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 2008.

John D. Fitzmorris, Jr., for Plaintiff–Appellee.

Covert James Geary, Jones Walker, New Orleans, LA, Eric M. Whitaker, Jones Walker, The Woodlands, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM: *

For essentially the reasons stated by the district court, we AFFIRM.

**VINEWOOD CAPITAL, LLC., Plaintiff—Appellee,**

v.

**DAR AL–MAAL AL–ISLAMI TRUST; Ziad Rawashdeh; Khalid Abdulla–Janahi, Defendants—Appellants.**

No. 07–11138.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 2008.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.